IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 08-36-BLG-SPW |
|---|---|
| Plaintiff/Respondent, | CV 16-32-BLG-SPW |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| RON ONEIDA WHITEMAN, | |
| Defendant/Movant. | |

On March 11, 2016, Defendant Whiteman filed a motion asking the Court to appoint counsel. He asserted that his sentence should be reduced because it was imposed under the animus of racial bias. The Court advised Whiteman that it intended to recharacterize his motion for counsel as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Whiteman was given an opportunity to add any other claims he wished to make. He was also advised that if he did not respond to the order, his motion for counsel would be dismissed. *See generally Castro v. United States*, 540 U.S. 375, 377 (2003); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006).

Whiteman responded by filing an amended motion under 28 U.S.C. § 2255 April 4, 2016. Am. § 2255 Mot. (Doc. 52).

**I. Screening**

Before the United States can be required to respond to Whiteman's § 2255

1

motion, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolas"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On February 25, 2008, Whiteman was indicted on one count of aggravated sexual abuse, a violation of 18 U.S.C. § 2241(a)(1) (Count 1), and one count of kidnapping, a violation of 18 U.S.C. § 1201(a)(2) (Count 2). Jurisdiction was predicated on the Major Crimes Act, 18 U.S.C. § 1153(a), because the crimes occurred on the Northern Cheyenne Reservation. Indictment (Doc. 1) at 1-2. If convicted on Count 1, Whiteman faced a maximum penalty of life in prison. 18 U.S.C. § 2241(a).

On November 21, 2008, the parties filed a fully executed plea agreement. Whiteman agreed to plead guilty to Count 1. *See* Plea Agreement (Doc. 17) at 2 ¶ 4. The United States agreed to dismiss Count 2 and to recommend a three-level reduction in the offense level if Whiteman timely signed and filed the plea agreement and pled guilty. *Id.* at 2 ¶ 5, 7-8 ¶¶ 11-12. The parties did not agree to any other sentencing recommendation. *Id.* at 7 ¶ 11.

At the change of plea hearing, the United States read its Offer of Proof into the record. *See* Offer of Proof (Doc. 18) at 2-3; Change of Plea Tr. (Doc. 36) at 19:25-21:10. When Whiteman was asked whether he disagreed with any of it, he responded, "No." Change of Plea Tr. at 21:11-13. He pled guilty in open court. *Id.* at 21:20-22:6.

A sentencing hearing was held on March 18, 2009. Under the United States Sentencing Guidelines, the base offense level was 30. U.S.S.G. § 2A3.1(a)(2). Whiteman received a four-level enhancement because he used force in committing the offense. *Id.* § 2A3.1(b)(1); 18 U.S.C. § 2241(a)(1). Whiteman received another four-level enhancement because the victim was placed in the trunk of the vehicle. *Id.* § 2A3.1(b)(5). The United States, following the plea agreement, recommended a two-level credit for acceptance of responsibility. But, because Judge Cebull did not believe Whiteman's behavior in jail "demonstrates anything other than continuing criminal conduct," Sentencing Tr. (Doc. 34) at 24:1-5, he did

3

not award the credit. The total adjusted offense level, therefore, remained 38. Whiteman's criminal history category was I. The advisory guideline range was 235 to 293 months.[1] Stating at length the reasons for the sentence, *see* Sentencing Tr. at 35:5-40:22; Statement of Reasons (Doc. 27) at 5, Judge Cebull sentenced Whiteman to serve 293 months in prison, to be followed by a 15-year term of supervised release. Judgment (Doc. 26) at 2-3.

Whiteman appealed. On March 29, 2010, the Court of Appeals affirmed the sentence. Mem. (Doc. 38) at 1-2, *United States v. Whiteman*, No. 09-30123 (9th Cir. Mar. 29, 2010) (unpublished mem. disp.).

The parties later contemplated reducing Whiteman's sentence. The United States sought a reduction from 293 months to 235 months. *See* Mot. (Doc. 37) at 9. Whiteman sought a reduction to 192 months. Resp. to Mot. (Doc. 40) at 3. Following an in-chambers conference, Judge Cebull reduced Whiteman's sentence from 293 months to 221 months. Am. Judgment (Doc. 45); Order (Doc. 46).

On August 6, 2013, Whiteman filed a motion to compel the United States to file a motion to reduce his sentence under Fed. R. Crim. P. 35(b). *See* Mot. to Compel (Doc. 48). On August 13, 2013, Chief Judge Christensen denied the motion because a Rule 35 motion had already been filed and granted and there was

---

[1] Had Whiteman received credit of acceptance of responsibility, the range would have been 168 to 210 months.

4

no basis for compelling the United States to file a second Rule 35 motion. *See* Order (Doc. 49).

Whiteman filed his motion for appointment of counsel on February 24, 2016. Mot. for Counsel (Doc. 50) at 2.

### III. Claims and Analysis

Although Whiteman's claims are likely time-barred and procedurally defaulted, the Court will address them on their merits. They are rearranged here, but all are addressed.

#### A. Sentence Enhancement

Whiteman contends that he received a sentencing enhancement for conduct that was not charged in the indictment, was not related to the crime of conviction, and was dismissed in another jurisdiction. He also asserts that counsel was ineffective because he failed to point out these errors. *See* Am. § 2255 Mot. (Doc. 52) at 5-6 ¶¶ 12A-B; *id.* at 7 (Grounds Three, Four); *see also* Mot. for Counsel (Doc. 50) at 1-2.

This claim is based on a misunderstanding of the applicable law. The maximum sentence for Whiteman's crime was life in prison. *See* 18 U.S.C. § 2241(a). There was no mandatory minimum. As the Supreme Court recently explained, the requirement that facts enhancing the sentence must be pled in the indictment and proved to a jury beyond reasonable doubt applies only to facts that

5

set the "floor" and the "ceiling" of the permissible range of punishment. "Both kinds of facts alter the prescribed range of sentences to which a defendant is exposed and do so in a manner that aggravates the punishment," thus implicating the defendant's rights under the Sixth Amendment. *Alleyne v. United States*, ___ U.S. ___, 131 S. Ct. 2151, 2158 (2013). But *within* the prescribed range of sentences—that is, between the floor and the ceiling—the *Alleyne* Court clarified that "[o]ur ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." *Id.* at 2163.

Since *Alleyne*, the Ninth Circuit Court of Appeals has maintained its rule that facts having an "extremely disproportionate effect" on the guideline calculation must be proved by clear and convincing evidence (with the notable exception of drug quantity calculations), but facts having more moderate impact on the sentence may be found by a judge on a preponderance of the evidence standard. *See, e.g., United States v. Hymas*, 780 F.3d 1285, 1289-90 (9th Cir. 2015); *United States v. Kahre*, 737 F.3d 554, 582-83 (9th Cir. 2013); *United States v. Flores*, 725 F.3d 1028, 1035 (9th Cir. 2013); *see also United States v. Treadwell*, 593 F.3d 990, 1000 (9th Cir. 2010).

Because the crime of conviction carried a life maximum and no minimum,

Judge Cebull had "broad sentencing discretion." None of the facts the judge found at sentencing were required to be pled in the indictment or proved to a jury beyond reasonable doubt, because none altered the statutory penalty range of zero months to life in prison.

Nor did any of the facts found by Judge Cebull have a disproportionate effect on the sentence. Based solely on the conduct Whiteman admitted at his change of plea hearing, the base offense level was set at 20, and Whiteman received two enhancements, one for use of force and one for abducting the victim by placing her in the trunk. *See* U.S.S.G. § 2A3.1(a)(2), (b)(1), (5). Whiteman also lost his chance for a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, because Judge Cebull found that he spat on a detention officer and engaged in other incidents in jail that showed he did not truly accept responsibility for his conduct. *See id.* § 3E1.1. Where the maximum sentence is life, a three-level non-reduction does not have a disproportionate effect on the sentence. Judge Cebull selected a sentence at the high end of the guidelines based on Whiteman's prior acts of sexual assault, his multiple attacks on the victim in this case, and the other factors the judge described at the hearing. *See* Sentencing Tr. at 35:5-40:10; Statement of Reasons (Doc. 27 at 5). Judge Cebull concluded that Whiteman's crime "reflects a level of violence that I don't often see in this court." Sentencing Tr. at 38:10-11. In essence, that was the reason for the

7

sentence.

There was no error in the sentencing process. Counsel was not ineffective for failing to object to anything because there was no support for an objection. *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005). These claims are denied.

### B. Interference with Plea Bargain

Whiteman claims the "trial judge attempt[ed] to veto the plea agreement as to Rule 35 motion." Am. § 2255 Mot. at 7. The record contradicts the claim. First, the plea agreement did not address Rule 35, U.S.S.G. § 5K1.1, or the defendant's assistance to law enforcement. Second, the United States filed a Rule 35 motion. Although it asked Judge Cebull to resentence Whiteman to 235 months, Judge Cebull resentenced Whiteman to 221 months. This claim is denied.

### C. Judicial Bias

The record of the case does not support an allegation that Judge Cebull approached Whiteman's case in a racially biased manner. This claim, Mot. for Counsel at 1-2; Am. §2255 Mot. at 5 ¶ 12A; *id.* at 7, is denied.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Whiteman's claims do not meet even the relatively low threshold required for a COA. The reasons for Judge Cebull's sentencing decision were clearly stated in the record. There was no legal error in his finding facts at sentencing. There was no interference of any kind with the plea agreement. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Whiteman's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 50, 52) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Whiteman files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-32-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Whiteman.

DATED this 8th day of August, 2016.

Susan P. Watters
United States District Court

9